## DI LELLA et al. v. LEHIGH VALLEY R. CO.

District Court, S. D. New York.
April 22, 1947.

Nathan Baker, of Hoboken, N. J., for plaintiffs.

Alexander & Green, of New York City (Donald M. Dunn, of New York City, of counsel), for defendant.

GODDARD, District Judge.

The defendant moves for a dismissal of this action pursuant to the rule of forum non conveniens. Neither the jurisdiction nor the venue is questioned. The case on its merits involves no federal question and is brought in this court solely because of diversity in the citizenship of the parties.

The action is to recover damages for personal injuries and damage to an automobile alleged to have been sustained as a result of the defendant's failure to properly maintain a private roadway owned and controlled by the defendant in Jersey City, New Jersey, on which the plaintiffs were traveling.

Both plaintiffs are residents and employed in the State of New Jersey; Bufano residing in Jersey City and DiLella in nearby Hoboken. The Lehigh Valley Railroad Company is a Pennsylvania corporation authorized to do business in both New York and New Jersey and has designated officials in each of these states as agents to receive service of process.

The attorney for the plaintiffs has an office in New Jersey; also in New York. The office of the attorneys for the defendant is in New York.

All of the witnesses, including the Jersey City police who investigated the case, reside in Jersey City and the plaintiffs were taken to a Jersey City Hospital after the accident. However, the attorney for plaintiffs states in an affidavit that apparently the investigation of the case was conducted from the defendant's New York office where its records relating to the investigation of this case are maintained and controlled; also that upon his information and belief "as between New York and New Jersey, the main office of the Lehigh Valley Railroad Company is 143 Liberty Street, New York City". These assertions are not

denied by the defendant in the affidavit which it has submitted.

There is little, if any, difference in distance or time between coming to New York from Jersey City or traveling from there to the United States District Court in Newark. And as Jersey City is within one hundred miles of this court, unwilling witnesses may be subpoenaed. Rule 45(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

█ The defendant relies upon the decision of the Supreme Court in Gulf Oil Corporation v. Gilbert, etc., 67 S.Ct. 839, 843. Although it was there held that the doctrine of forum non conveniens was applicable, the facts were substantially different from those in the case at bar. In Gulf Oil Corporation v. Gilbert, the plaintiff, a resident of Virginia, sued a Pennsylvania corporation doing business in Virginia and New York for the destruction of his Lynchburg warehouse and contents through an explosion of gasoline and resulting fire claimed to have been occasioned through defendant's negligence. All witnesses—every person who participated in the acts charged to be negligent—resided in or near Lynchburg and there were some three hundred and fifty claimants residing in and around Lynchburg having property in plaintiff's warehouse which damages plaintiff sought to recover; also various persons, including firemen, police officers and other municipal employees who would be necessary witnesses in respect to the plaintiff's gasoline storage and dispensing plant and its conformity with the local laws and ordinances; and several engineers and expert witnesses for the defendant resided in and about Lynchburg. The company whose employee drove the truck which delivered the gasoline was domiciled in Lynchburg and could not be interpled in New York which defendant deemed advisable. Moreover, Lynchburg being some 400 miles from New York, the witnesses were beyond the process of this court and unless they were willing to come to New York, their testimony could only be obtained by deposition which is usually unsatisfactory from the standpoint of the trial court, jury, and to the litigants. Mr. Justice Jackson in the Gulf Oil Corporation case, said that the question before the court is whether it is "one of those rather rare cases where the doctrine should be applied, * * *" and for the guidance of the judges of the district courts in the exercise of their discretion, stated "Important considerations are the relative case of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Also "There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." The opinion goes on to say "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

█ After consideration of the criteria indicated by the Supreme Court and all the circumstances, I think the conclusion must be that the defendant would not be subjected to any undue inconvenience, harassment, or vexation in having the case tried in the Southern District of New York, and I do not believe that the interpretation of the New Jersey laws and its application to the facts likely to arise will present any serious problems for the judges of this district.

Motion denied.

Settle order on notice.